# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

TIMOTHY WHITE,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

NO. 1:17-CV-3052-TOR

ORDER GRANTING DEFENDANT'S MOTION REQUESTING REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS

BEFORE THE COURT are Plaintiff's Motion for Summary Judgment (ECF No. 10) and Defendant's Motion Requesting Remand for Further Administrative Proceedings (ECF No. 23). These matters were submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 10) is **GRANTED in**

ORDER GRANTING DEFENDANT'S MOTION TO REMAND ~ 1

**part** and **DENIED in part**. Defendant's Motion Requesting Remand for Further Administrative Proceedings (ECF No. 23) is **GRANTED**.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is

susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v); 416.920(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

education, and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 CFR §§ 404.1560(c); 416.960(c)(2); *Bray*, 554 F.3d at 1222.

## ALJ FINDINGS

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on November 7, 2012. Tr. 25. Plaintiff's claims were denied initially and upon reconsideration. *Id.* Plaintiff requested a hearing before an ALJ, which was held on November 12, 2014. *Id.* At his hearing, Plaintiff amended the onset date of his disability to September 30, 2012. *Id.* The ALJ rendered a decision denying Plaintiff disability insurance and supplemental security income benefits on June 2, 2015. Tr. 37.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 30, 2012. Tr. 27. At step two, the ALJ determined that Plaintiff had the following severe impairments: "degenerative disc disease, loss of visual acuity, COPD, affective disorder, anxiety disorder, [and] substance addiction disorder." *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 28.

The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work except Plaintiff can stand and walk for about 6 hours and sit for more than 6 hours with normal breaks. He can lift, carry, push, and pull within light exertional limits. Tr. 29. Plaintiff can never climb ladders, ropes, or scaffolds, and can occasionally perform work in which left eye visual acuity, far acuity, and depth perception are required. *Id.* He can perform work in which concentrated exposure to fumes and other odors are not present, and can perform unskilled, routine, and repetitive work. Tr. 29–30. He can cope with occasional work setting change and occasional interaction with supervisors, work in proximity to coworkers but not in a team or cooperative effort, and can perform work that does not require interaction with the general public as an essential element of the job but occasional incidental contact with the general public is not precluded. Tr. 30. This capacity prevented Plaintiff from performing his past

relevant work. Tr. 36. At step five, the ALJ identified work Plaintiff can perform, such as cleaner/housekeeping, production assembler, and mail clerk. Tr. 36–37. On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. Tr. 37.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title II and Title XVI of the Social Security Act. ECF No. 10. The parties agree the case should be reversed and remanded, but disagree whether the Court should remand for further administrative proceedings or for payment of benefits. ECF No. 23 at 1–2.

Plaintiff requests that the Court remand for an immediate award of benefits, alleging that the ALJ erroneously rejected the opinion of Aaron Burdge, Ph.D. ECF No. 24 at 2, 7. Plaintiff contends that the ALJ erred in rejecting his symptom testimony for reasons that are not specific, clear, and convincing; rejecting opinion evidence; and failing to meet her burden at step five. ECF No. 10 at 11.

The Commissioner asserts that the proper remedy is to reverse and remand for further administrative proceedings because there are unresolved issues and the record does not clearly require a finding of disability. ECF No. 23 at 4. First, the Commissioner concedes that the ALJ erred by not expressly weighing or addressing the opinion of Steve Kopp, D.O. *Id.* at 2. Second, the Commissioner

agrees that the ALJ erred in the RFC by not including a limitation regarding balance and only generally referencing hazards without a more specific explanation, contrary to the opinions of Lori Smith, M.D. and Gordan Hale, M.D. *Id.* at 2–3. Third, the Commissioner admits that the ALJ did not adequately evaluate Plaintiff's alleged symptoms. *Id.* at 3. Therefore, the Commissioner states that the Appeals Council will instruct the ALJ to obtain vocational expert evidence at step five. *Id.* at 4. Yet, the Commissioner does not admit error in the ALJ's findings regarding Dr. Burdge. *Id.*

## DISCUSSION

**A. The Opinion of Aaron Burdge, Ph.D.**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* at 1202. In addition, the Commissioner's regulations give more weight to opinions supported by reasoned explanations than to opinions that are not, and to the opinions of specialists on

matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester*, 81 F.3d at 830–31). Regardless of the source, an ALJ need not accept a physician's opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).

"Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012–13. That said, the ALJ is not required to recite any magic words to properly reject a medical opinion.

*Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (holding that the Court may draw reasonable inferences when appropriate). "An ALJ can satisfy the 'substantial evidence' requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Plaintiff faults the ALJ for discounting the opinion of the examining physician, Dr. Burdge. ECF Nos. 10 at 18; 24 at 2; *see also* TR 372–88 (Ex. 1F). The ALJ gave some weight to Dr. Burdge's opinion, "but for his opinion that the claimant was markedly restricted in [h]is ability to maintain a schedule and severely limited in his ability to complete a normal workday without interference from psychological symptoms and maintain appropriate behavior in a work setting." Tr. 35. The ALJ noted that this opinion was from November 2012, prior to Plaintiff receiving regular mental health treatment from CWMH. *Id.* The ALJ stated that since March 2013, Plaintiff admitted his social skills, mood, and anxiety symptoms had improved. *Id.* The ALJ found that his symptoms were well controlled with medications and behavioral therapy. *Id.*

When reviewing the treatment records, the ALJ found that Plaintiff had experienced medical improvement with the use of citalopram and doxepin, as well as counseling. *Id.* He had also been active in his church since 2013, showing

increased social skills and comfort around others. *Id.* The ALJ noted that Plaintiff's complaints of memory problems and poor concentration were not fully consistent with test results, his continued ability to volunteer, and ability to attend to his daily activities. *Id.* The ALJ cited to the Psychological Evaluation Report in April 2013, which reviewed Dr. Burdge's record. Tr. 449 (Ex. 10F). The report found that Plaintiff functions in the average range of intelligence and he did not describe symptoms consistent with major depression or anxiety. Tr. 452. The report concluded that Plaintiff would be able to perform simple and repetitive work activity. Tr. 453. His ability to sustain a normal work day would most likely be affected by motivation. *Id.*

Plaintiff asserts that the ALJ did not offer a sufficient basis for rejecting Dr. Burdge's opinion. ECF No. 10 at 18. Plaintiff argues that his mental health symptoms did not show consistent improvement, even with treatment. *Id.* Plaintiff emphasizes that, after March 2013, the record demonstrates that Plaintiff had ongoing depression, anxiety, and irritability. *Id.* Plaintiff then contends that the ALJ improperly picked out isolated examples of Plaintiff's improvement. *Id.* The Commissioner contends that the ALJ did not err in assessing the opinion of Dr. Burdge because the cited evidence supports the ALJ's decision. ECF No. 23 at 9.

While Plaintiff argues that the cited medical evidence is contrary to the Commissioner's argument, the Court finds that the ALJ properly weighed the opinion of Dr. Burdge. The ALJ sufficiently detailed and outlined the evidence, including the later opinions of other psychological reports. The ALJ expressed how Dr. Burdge's opinion is contradicted by later evidence in the record. The ALJ highlighted that the opinion is inconsistent with the more recent treatment records after March 2013. *See* Tr. 35. The Court determines that the ALJ did not err in giving little weight to Dr. Burdge's opinion because it was contradicted by later treatment records and the ALJ provided substantial evidence for this determination.

Additionally, Plaintiff asserts that the ALJ erred by not addressing the portion of Dr. Burdge's diagnosis of a pain disorder associated with psychological factors and a general medical condition. ECF Nos. 10 at 18; 24 at 5; Tr. 374. The Commissioner argues that even if the pain disorder was established by the record, it would not influence the weight of Dr. Burdge's opinion pertaining solely to psychological functioning. ECF No. 23 at 11. Plaintiff asserts that Dr. Burdge's opinion supports that Plaintiff's psychological state is negatively impacted by his physical condition. ECF No. 24 at 5–6. Plaintiff emphasizes Dr. Burdge's opinion that Plaintiff sees his life as severely disrupted by physical problems,

leaving him "tense, unhappy, and have probably impaired his ability to concentrate on or perform important life tasks." Tr. 373.

The ALJ merely rejected Dr. Burdge's opinion regarding Plaintiff's ability to maintain a normal workday due to psychological symptoms, still giving some weight to the rest of Dr. Burdge's opinion. Tr. 35. Therefore, the Court finds that the ALJ did not err by not addressing Dr. Burdge's opinion of a pain disorder when the ALJ only discredited his opinion regarding psychological symptoms.

Accordingly, the Court finds that the ALJ did not err in giving little weight to Dr. Burdge's opinion regarding Plaintiff's psychological symptoms.

**B. Remedy**

Plaintiff urges this Court to reverse for an immediate award of benefits. ECF No. 24 at 6. The Commissioner, on the other hand, asserts that the proper remedy should be to remand for further proceedings. ECF No. 23 at 2.

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Hill*, 698 F.3d at 1162 (internal quotation marks omitted) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the

evidence were properly evaluated." *Id.* The Ninth Circuit's "credit-as-true" rule, on the other hand, directs that remand for an award of benefits is appropriate when:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020. Even when all the conditions of the credit-as-true rule are satisfied, a court is required to remand for further proceedings when an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled. *Id.* at 1021.

Here, the Commissioner contends that the ALJ erred by not acknowledging the vision, depth perception, and balance issues set out in the opinion evidence. ECF No. 23 at 7. This error then affected the ALJ's evaluation of the opinion evidence regarding Plaintiff's physical limitations, the RFC finding, and whether Plaintiff could perform other work at step five. *Id.* The Commissioner argues that Plaintiff's ability to do other work would preclude his receipt of disability benefits. *Id.* at 8. The Commissioner states that even if the elements of the credit-as-true rule are satisfied, the record raises serious doubt that Plaintiff was disabled during the period at issue. *Id.* at 12. Plaintiff asserts that further consideration of

his physical limitations is unnecessary and additional administrative proceedings would serve no purpose. ECF No. 24 at 7.

The Court finds that there are outstanding issues that must be resolved and it is unclear that Plaintiff would be found disabled if all the evidence were properly evaluated. The ALJ failed to properly evaluate the opinions of Dr. Kopp, Dr. Smith, and Dr. Hale. The ALJ also failed to adequately evaluate Plaintiff's alleged symptoms. The ALJ's assessment of the medical evidence and Plaintiff's RFC have been called into doubt. Whether, when the evidence in the record as a whole is properly evaluated, Plaintiff's physical limitations impair his ability to perform basic work activities must yet be resolved.

Upon remand, the ALJ should reconsider the medical opinions of Dr. Kopp, Dr. Smith, and Dr. Hale. The ALJ should evaluate Plaintiff's alleged symptoms and provided specific analysis pursuant to agency regulations and Social Security Ruling 16-3p. The ALJ should also obtain vocational expert evidence at step five. Plaintiff may present new arguments and evidence, and the ALJ may conduct further proceedings as necessary.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 10) is **GRANTED in part** and **DENIED in part**.

2. Defendant's Motion Requesting Remand for Further Administrative Proceedings (ECF No. 23) is **GRANTED**.

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is hereby **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is directed to enter this Order, enter **JUDGMENT** for Plaintiff, furnish copies to counsel, and **CLOSE** the file.

**DATED** January 12, 2018.



THOMAS O. RICE
Chief United States District Judge